Armando A. Diaz
c/o 2864  Roosevelt Avenue
Bronx New York [10465]
(917)-653-6838

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF FLORIDA

## ORLANDO DIVISION

|  |  |
|---|---|
| Armando A. Diaz | ) Case No. 6:14-CV-1479-ORL-37-DAB |
| | ) |
| *Plaintiff* | ) **VERIFIED COMPLAINT FOR** |
| | ) **DAMAGES** |
| **v.** | ) |
| | ) |
| NATIONSTAR MORTGAGE, LLC | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendant* | ) |
| | ) |
| | ) |
| ———————————— | ) |

    **COMES NOW**, the Plaintiff Armando A. Diaz complaining of the defendant as follows;

## INTRODUCTION

1.  This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C. §1692.

**I.**　　　　　　　　　　**THE PARTIES**

2.  Plaintiff Armando A. Diaz is now and at all times relevant to this action as a "consumer" as that term is defined within 15 U.S.C. §1692a (3).

3.  Defendant "NATIONSTAR MORTGAGE, LLC", is Foreign Limited Liability Company formed under the laws of the state of Texas. Defendant NATIONSTAR MORTGAGE, LLC has a principal place of business located at 350 Highland Drive Lewisville, TX 75067. NATIONSTAR MORTGAGE, LLC. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## II.                     JURISDICTION AND VENUE

4.  The US District Court District of Florida has jurisdiction pursuant to 15 U.S.C. §1692 *et,* al and 15 USC§1681p *et* al, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of Florida. Therefore venue is proper within this court

## III.                     FACTUAL ALLEGATIONS

5.  Plaintiff brings this action regarding the defendant, in their continued attempts to collect an alleged debt defendant claims is owed them. However, Plaintiff is without knowledge of the alleged debt defendant claim is owed.

6.  On or about July 18, 2014 Plaintiff received a dunning notice by Defendant NATIONSTAR MORTGAGE, LLC (*see* attached exhibit A).The dunning notice makes numerous claims by defendant regarding an alleged loan. Consequently, Plaintiff is without specific knowledge and evidence that supports the defendant claims and allegations.

7.  On or about  August 8, 2014 Plaintiff served upon NATIONSTAR MORTGAGE, LLC a Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA(*see* attached exhibit B). The notice required the defendant "debt collector" to validate / verify their alleged debt pursuant to 15 USC§1692g.(see exhibit B) As

of the date of this filing, defendant NATIONSTAR MORTGAGE, LLC has not responded.

8. On or about July 28, 2014, Plaintiff obtained his consumer credit report from the three major reporting credit bureaus Equifax, Experian, and Transunion. Plaintiff discovered defendant NATIONSTAR MORTGAGE, LLC is reporting this alleged debt to all three credit reporting agencies. Plaintiff on August 3, 2014 immediately filed disputes with the three credit reporting agencies pursuant to 15 U.S.C. §1681, the FCRA. Only creditors can report on Plaintiffs credit report.

9. Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting and failure to verify and or validate their alleged debt although requested.

10. The above detailed conduct by the Defendant has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA, FRCA, relates to the defendant even if they were collecting a legitimate debt. Plaintiff alleges for the record that the defendant is not a creditor, lenders, nor mortgagees, neither did the defendant provide any credit, or services to Plaintiff. Nonetheless, the defendant is a 'debt collector" pursuant to 15 U.S.C. §1692a (6). Plaintiff alleges the FDCPA states in part;

11. The term "**debt collector**" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collection or attempting to collect such debts. For the purpose of section

808(6), such term also includes any person who used any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests. Note in the dunning letter sent to plaintiff states that NATIONSTAR MORTGAGE, LLC is a debt collector.

12.   Plaintiff therefore seeks damages as a result of defendant acts.

## IV.                    FIRST CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. §1681i FAIR CREDIT REPORTING ACT
### NATIONSTAR MORTGAGE LLC

13. Paragraph 1-12 are re-alleged as though fully set out herein.

14.   Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a (c).

15.   Defendant NATIONSTAR MORTGAGE, LLC, are "credit furnishers" within the meaning of the15 USC§1681a (c) 15 U.S.C. §1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by consumer related to her credit information or history, FCRA, 15 U.S.C. §1681s-(2)(a)(1)-(3). Plaintiff consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681 a (d).

16. The FCRA, 15 U.S.C. §1681s – 2(b) has obligations regarding credit furnishers to investigate consumer disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute: from the consumer pursuant to 15 U.S.C. §1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under §1681i of the FCRA to forward a consumer dispute verification (CDV) form to the

furnisher, requiring it to verify the credit information and investigate it's accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) To conduct "an investigation" with respect to the disputed information.
> (2) To "review all relevant information" provided by the credit reporting agency.
> (3) To "report the results of its investigation" back to the credit reporting agency.
> (4) If the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer.
> (5) To "modify, delete or permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. §1681s-2(b)(1).

17.   In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnishers duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692g of the FDCPA which Plaintiff served upon NATIONSTAR MORTGAGE, LLC, Equifax, Experian and Transunion.

18.   Plaintiff alleges that at all relevant times Defendant NATIONSTAR MORTGAGE, LLC, failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. §1681e(b). Plaintiff alleges that Defendant failed to conduct a proper and lawful reinvestigation.

**COMPLAINT FOR DAMAGES**

19.   All actions taken by the Defendant NATIONSTAR MORTGAGE, LLC, Equifax, Transunion, and Experian were done with malice, were done willfully, and were done with either the desire to harm Plaintiff's and/or with the knowledge that their   actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendant and each of their acts constitute multiple willful non-compliance with FCRA.

20.   All of the violations of the FCRA proximately caused the injuries and damages to Plaintiff as set forth in this complaint. The FCRA requires the following of Defendants Equifax, Transunion, and Experian;

1.   Prompt Notice of Dispute to Furnisher of Information

(A) *In general*, before the expiration of the 5 business day period beginning on the date on which a consumer reporting agency receives notice of a dispute from  any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from consumer or reseller.

(B) *Provision  of other information*. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the  period referred to in the paragraph (1)(A).

2. *Consideration of consumer information*. In conducting any

**COMPLAINT FOR DAMAGES**

reinvestigation under paragraph(1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

3.   *Treatment of Inaccurate or Unverifiable Information.*

(A*)* *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall:

(i)   Promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation, and

(ii)   Promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

21. Plaintiff has been significantly harmed by defendant due to erroneous reporting of the alleged debt. Due to defendant(s) acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendants erroneous credit reporting. Plaintiff is entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant NATIONSTAR MORTGAGE, LLC negligent and noncompliant acts may have been a direct violation of 15 U.S.C. §1681(n), and 15 U.S.C. §1681(o) respectively.

22. Therefore, Plaintiff demands judgment for damages against  for actual damages, punitive damages, and statutory damages of  $ 1,000.00, attorney fees, and costs pursuant to 15 U.S.C.§ 1681(n) and 15 U.S.C.§`1681(o).

**V.**                     **SECOND CAUSE OF ACTION**
**INVASION OF PRIVACY**
**NATIONSTAR MORTGAGE, LLC**

**COMPLAINT FOR DAMAGES**

23. Paragraphs 1-22 are re-alleged as though fully set out herein.

24. Defendant NATIONSTAR MORTGAGE, LLC is a "debt collector" and a stranger to the Plaintiff. Plaintiff has no contractual relationship with defendant NATIONSTAR MORTGAGE, LLC, and Plaintiff has never applied for credit or services with the defendant.

25. Plaintiff has a right to discovery, to determine where Defendant obtained his personal, private information from. Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiff social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used.

26. Plaintiff has a right to discover, to determine where Defendant obtained their personal, private information from. Plaintiff will investigate through discovery where defendant obtained Plaintiff social security number from and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendant NATIONSTAR MORTGAGE, LLC may also be guilty of identity theft under the state and federal law.

27. Therefore defendant NATIONSTAR MORTGAGE, LLC is liable to Plaintiff for actual punitive, consequential, compensatory damages in actual amount determine at trial by the court.

## VI.             THIRD CAUSE OF ACTION
## NEGLIGENT, WANTON, AND /OR INTENTIONAL HIRING
## SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS AND
## NATIONSTAR MORTGAGE, LLC

28. Paragraphs 1-27 are re-alleged as though fully set out herein.

29. Defendant NATIONSTAR MORTGAGE, LLC was aware of their wrongful conduct in creating an alleged debt Plaintiff is  not obligated to, or is not able to

**COMPLAINT FOR DAMAGES**

discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, and debt collection against the Plaintiff.  Defendant NATIONSTAR MORTGAGE, LLC negligently, wantonly, and/or intentionally hired, NATIONSTAR MORTGAGE, LLC trained, retained, or supervised incompetent debt collectors in defendant company   whom were allowed, or encouraged to violate the law as was done to the Plaintiff. Defendant NATIONSTAR MORTGAGE, LLC is therefore responsible and liable to the Plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiff.

30.  Therefore Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

**VII.**           **THIRD CAUSE OF ACTION**

**VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS PRACTICES ACT**

**NATIONSTAR MORTGAGE, LLC**

31.  Paragraphs 1-30 are re-alleged as though fully set out herein.

32.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

33.  Plaintiff are "consumers" as defined in 15 U.S.C. §1692a (3).Defendant NATIONSTAR MORTGAGE, LLC are debt collector as defined in 15 U.S.C. §1692a (6). Defendants were attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a (5).

35.  Plaintiff served defendant with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires defendant to provide Plaintiff with verification of the alleged debt once received. 15 U.S.C. §1692g (5)(b) requires defendant to cease all collection activity until the debt collector obtains *verification*

**COMPLAINT FOR DAMAGES**
9

of the alleged debt. Defendant has failed to provide one scintilla of proof of their alleged debt. However defendant continues to make attempts at collection of the alleged debt through erroneous credit reporting.

36.   Defendant has violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Possible defendant's violations include, but are not limited to the following:

    a. Defendant  has violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

    b. Defendant has violated 15 U.S.C.§1692 (e ) (8) requires debt collectors to communicate the disputed status of a debt if the "debt collector" knows or should  know that the debt is disputed , standard requires no notification by consumer, written or oral, and instead, depends solely on the debt collectors knowledge that the debt is disputed, regardless of how or when that knowledge is " required."

    c. Defendant has violated 15 U.S.C. §1692e(8) "Threatens or communicates false credit information, including the failure to communicate that a debt is disputed".

    d. Defendant has violated 15 U.S.C. §1692(j) of the Fair Debt Collection Practices Act by using unfair or unconscionably means in connection with the collection of an alleged debt.

    e.  Defendant has violated 15 U.S.C. §1692f, "Using unfair or unconscionable means to collect or attempt to collect a debt".

    f. Defendant has violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**COMPLAINT FOR DAMAGES**

g. Defendant have violated 15 U.S.C. §1692f(6) "Taken, or threatened to foreclose.

37. Specifically defendant NATIONSTAR MORTGAGE, LLC knew it was not entitled to collect on the non-existent debt.

38. Defendant was fully aware that they were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

39. The defendant is liable to Plaintiff for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, loss of affection with their loved ones, and other related damages due to defendant's acts.

40. Defendant alleges by operation defendant of, execution and filing of the "assignment" Plaintiff became obligated to defendant, and defendant(s) by in large became Plaintiff's creditor.

41. The Assignment in part alleges" valuable consideration" was given to MERS on behalf of the alleged Original Creditor First Mortgage Corporation., and that both alleged Note and Deed of Trust (Mortgage) was transferred and negotiated to the defendant.

42. Plaintiff seeks judicial determinations as to whether the recorded Assignment of Deed of Trust (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property. Additionally, Plaintiff request the court make declare whether "*valuable consideration*" as stated in the assignment is actually monetary or non- monetary in nature of "consideration" and or "*valuable consideration*".

43. Plaintiff is also entitled to trial and discovery, to afford defendant the opportunity to prove that MERS is named on the Note, take payments on the

**COMPLAINT FOR DAMAGES**

alleged debt in any manner, whether MERS ever had possession of any alleged Note, and proof defendant paid MERS any monetary value for such alleged debt.

44. Plaintiff is otherwise unable to ascertain the validity of defendant's alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiff. Furthermore, Plaintiff is unable to determine the validity of defendant's purported assignment of the alleged debt for the following reasons:

1. Firstly Plaintiff is not familiar and or otherwise is not provided with the definition of the term "valuable consideration" as is the verbage used on the assignment to NATIONSTAR MORTGAGE, LLC.

2. Secondly, it is Plaintiff's understanding that the term "valuable consideration" can be non – monetary in natures;

3. Thirdly, Plaintiff upon the information and belief understands that MERS is not named on the alleged Note, and never has possession of any alleged Notes.

Therefore MERS could not have transferred, nor received any consideration and or *valuable consideration* as alleged in this assignment;

4. Fourth, the assignment was executed on the date defendant alleged the debt was in default, which deems them a " debt collector" and not creditor, per U.S.C. Title 15, Section §1692a(4) "The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, <u>but such term does not include any person to the extent that he</u> **<u>receives an assignment or transfer of a debt in default</u>** <u>solely for the</u> <u>purpose of facilitating collection of such debt for another</u>". NATIONSTAR MORTGAGE LLC is a debt collector, not a creditor, since the assignment was done after the debt was in default.

**COMPLAINT FOR DAMAGES**

45. Plaintiff is otherwise unable to ascertain the validity of defendant's alleged debt and the amounts they claim is due and owing. Plaintiff denies any loan was received by the alleged original creditor and is entitled to discovery and trial to determine if ever such a loan was funded to the Plaintiff.

46. Specifically defendant NATIONSTAR MORTGAGE, LLC knew it was not entitled to collect on the non- existent debt.

47. Defendant was fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

48. It is not sufficient to plead merely that the loan was "assigned". See Jeff-Ray Corp. v Jacobson, 566 So. 2d 885 (Fla. 4th DCA 1990); See Progressive Express Ins. Co. v McGrath Comm. Chiro. 913 So. 2d 1281 (Fla. 2d 1281 (Fla. 2d DCA 2005.

49. Only those who have standing to be heard in the judicial proceeding may participate in it. See Byron v. Gallagher, 578 So. 2d 715, 717 (Fla. 5th DCA 1991).

50. Therefore defendants are liable to Plaintiff for damages to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, and other related damages due to defendant's acts

51. Defendant(s) are therefore liable unto Plaintiffs pursuant to 15 U.S.C. §1692(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's request the following relief to be awarded for each Cause of Action:

1. That this Court declare (declaratory relief) that defendant did not acquire any interest in the alleged debt and or real property.

**COMPLAINT FOR DAMAGES**

2.   For Declaratory Relief, including the following Decrees of this Court that:

a. Plaintiff requests a determination of the court to determine if defendant in fact is "debt collector" and or "creditor" as defined in defendant communications, or the act itself.

b. That Defendant is prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

c. Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

d. Awarding Plaintiff any pre- judgment and post – judgment interest as may be allowed under the law.

e. and any other such damages deemed appropriate by the court.

**Jury Trial Demanded.**

Dated: September 10, 2014

By: _____

Armando A. Diaz, *Consumer Plaintiff*

**COMPLAINT FOR DAMAGES**
14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

## DUNNING LETTER FROM DEFENDANT

# MORTGAGE LOAN STATEMENT


## Nationstar
### MORTGAGE

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
P.O. BOX 619033
DALLAS, TX 75261-9033

### CONTACT INFORMATION

Customer Service: 1-888-480-2432
Monday - Thursday; 8 a.m. - 8 p.m. CT
Friday; 8 a.m. - 6 p.m. CT and Saturday; 8 a.m. - 2 p.m. CT
MyNationstar.com

Your Dedicated Loan Specialist is Jeff Vinson and can be reached at
(877) 782-7612 EXT. 4670855 or via mail at:
350 Highland Drive, Lewisville, TX 75067

0-692-98004-0019406-004-1-000-101-000-000

ARMANDO A DIAZ
AFRODITA G DIAZ
2864 ROOSEVELT AVE
BRONX NY 10465-2416

| | |
|---|---|
| Statement Date: | 07/18/2014 |
| Loan Number: | 0599353448 |
| Payment Due Date: | 08/01/2014 |
| Amount Due | Option 1 (Minimum): $57,729.48 |
| | Option 2 (Interest Only): $57,729.48 |
| | Option 3 (Full): $57,729.48 |
| | Option 4 (Accelerated): $59,475.17 |

*If payment is received on or after 08/17/14; $0.00 late fee will be charged.*

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $238,445.91 |
| Interest Rate(Until 09/01/2014) | 3.250% |
| Escrow Balance | -$7,675.28 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

Losing your job is not always preventable, but some of the financial burden can be. First Protector can pay your monthly mortgage payment if you can't live in your home due to a disaster or if you lose your job involuntarily (benefit amount may be subject to a maximum amount).   Visit   www.firstprotectorsolutions.com   or   call 1-855-211-3597, weekdays 8 a.m. - 8 p.m. E.T., and mention offer code OWC7. (Hablamos Español).

*Warning: Your Minimum Payment is less than the amount required to cover the current month's interest on your loan. You may make this payment, but your loan balance will increase due to the difference.*

### Explanation of Amount Due

| | Option 1 (Minimum) | Option 2 (Interest Only) | Option 3 (30 Yr) | Option 4 (15 Yr) |
|---|---|---|---|---|
| Principal | $527.93 | $527.93 | $527.93 | $2,273.62 |
| Interest | $645.79 | $645.79 | $645.79 | $645.79 |
| Escrow Amount (for Taxes & Insurance) | $222.06 | $222.06 | $222.06 | $222.06 |
| Optional Products and Services | $0.00 | $0.00 | $0.00 | $0.00 |
| Regular Monthly Payment | $1,395.78 | $1,395.78 | $1,395.78 | $3,141.47 |
| Total Fees and Charges | $0.00 | $0.00 | $0.00 | $0.00 |
| Overdue Payment(s) | $56,333.70 | $56,333.70 | $56,333.70 | $56,333.70 |
| Total Amount Due | $57,729.48 | $57,729.48 | $57,729.48 | $59,475.17 |
| If you make this payment... | ...your principal balance will increase, and you will be borrowing more money and losing equity in your home. Minimum | ...your principal balance will stay the same, and you will not be closer to paying off your loan. Interest Only | ...your principal balance will decrease, and you will be closer to paying off your loan. Full | Accelerated |

### Lender Paid Expense Summary

| | Activity Since Last Statement | Total |
|---|---|---|
| Legal Fees | $0.00 | $6,287.27 |
| Property Inspections | $0.00 | $326.10 |
| Total | $0.00 | $6,613.37 |

### Past Payment Breakdown

| | Payments Rec'd since 08/19/2014 | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes & Insurance) | $0.00 | $0.00 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $1,239.70 |
| Total | $0.00 | $1,239.70 |

Property Address:
4430 PHILADELPHIA CIR
KISSIMMEE FL 34746

### Transaction Activity (06/19/2014 to 07/18/2014)

### Important Messages

(See Reverse side for Additional Critical Notices)

*As shown above, your escrow account has a negative balance. This shortage in your escrow account may result in an increase in your monthly escrow payment. We recommend you make additional payments to your escrow to eliminate or reduce the shortage.*

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
DETACH HERE AND RETURN WITH YOUR PAYMENT. PLEASE ALLOW A MINIMUM OF 7 TO 10 DAYS FOR POSTAL DELIVERY

# Nationstar
MORTGAGE

MyNationstar.com

☐ PLEASE CHECK BOX IF MAILING ADDRESS OR
PHONE NUMBER HAS CHANGED. ENTER
CHANGES ON BACK OF COUPON.

ARMANDO A DIAZ
AFRODITA G DIAZ

NATIONSTAR MORTGAGE
PO BOX 60516
CITY OF INDUSTRY, CA 91716-0516

05993534480 00576434B 00576434B

WRITE YOUR LOAN NUMBER ON YOUR
CHECK OR MONEY ORDER AND MAKE
PAYABLE TO NATIONSTAR MORTGAGE*

| ACCOUNT NUMBER |
|---|
| 0599353440 |

| AMOUNT DUE* | |
|---|---|
| 08/01/2014 | $57,643.48 |
| Option 1 (Minimum): | $57,729.48 |
| Option 2 (Interest Only): | $57,729.48 |
| Option 3 (Full): | $57,729.48 |
| Option 4 (Accelerated): | $59,475.17 |

| PAYMENT DUE IF RECEIVED ON OR AFTER | |
|---|---|
| 08/17/2014 | $57,643.48 |

ADDITIONAL ESCROW     $ _____

**ADDITIONAL PRINCIPAL     $ _____

*TOTAL AMOUNT OF YOUR CHECK*
**DO NOT SEND CASH**

**All amounts must be paid in full before additional principal reduction can be made

## Explanation of Amount Due

For payoff purposes:

| | Option 1 (Minimum) | Option 2 (Interest Only) | Option 3 (30 Yr) | Option 4 (15 Yr) |
|---|---|---|---|---|
| Principal | $527.93 | $527.93 | $527.93 | $2,273.62 |
| Interest | $645.79 | $645.79 | $645.79 | $645.79 |
| Escrow Amount (for Taxes & Insurance) | $222.06 | $222.06 | $222.06 | $222.06 |
| Optional Products and Services | $0.00 | $0.00 | $0.00 | $0.00 |

# EXHIBIT "B"

## PLAINTIFF NOTICE OF DISPUTE

**COMPLAINT FOR DAMAGES**

16

Armando A Diaz                                           DATE: August 8, 2014
Afrodita G Diaz
2864 Roosevelt Avenue
Bronx, New York [10465]


NATIONSTAR MORTGAGE
350 Highland Drive
Lewisville, Texas 75067


RE: Notice of Dispute, Demand for Verification/Validation of Alleged Debt;

      I recently received a dunning letter from your entity/ agency that alleges your position as a Debt Collector for a loan allegedly executed with the DEBT COLLECTOR( NATIONSTAR MORTGAGE) on or July 18, 2014. (See Attached) Accordingly my records reflect you are not, either have you been creditor of mine, or one that I have conducted any consumer transaction with. Therefore your identity is unknown to me at this time, you appear not to be known party to any transaction that I **Recall**. This requires further information and documentation from you to verify your status and capacity. Therefore I am respectfully demanding verification and or validation of any alleged debt pursuant to 15 USC§ 1692g 15 USC§1681, respectively. Since you claim to be acting in the capacity of an "alleged lender" acting in and for an alleged Lender this may be construed as Qualified Written Request ("QWR") pursuant to 12 USC§2605 (e).

      Nationstar Mortgage is a "debt collector" pursuant to 15§1692(a)(6), 15 USC§1681(n) and Florida Fair Debt Collection Practices Act § 559.55 (6). **Armando A Diaz and Afrodita G Diaz are a** "consumers" as the term defined in 15 USC§1692(a)(3), 15USC§1681 and Florida Fair Debt Collection Practices Act § 559.55 (2). Nationstar Mortgage is not a creditor or lender, and I have not applied for, neither received any services or credit with your particular agency. Additionally I have noticed your agency obtained my consumer constitutes a willful and negligent violation of 15 USC§1681(q) which would also a criminal offense (felony) punishable under Title 18§USC, the penalty being a fine and or two years imprisonment.

      In light of the foregoing please provide the alleged original genuine executed agreement that memorializes the transaction between you and I that support you're your alleged debt. If your debt collection firm is unable to provide a sufficient legal basis for your illegal intrusion

1

to my credit file, erroneous credit reporting, and dunning letter demanding payment. I may bring suit against your agency for violations of federal and state consumer protection law. Therefore this notice can be construed as a Notice of Intent to bring such action if your response does not support a legal debt "owed" to your agency. In concluding you are required to respond within five (5) business days to my request, should you fail to timely response, and or proffer a non- response I may bring suit without further notice.

Regards,

Armando  A Diaz

Afrodita G Diaz

Cc: file

Certified  Receipt #  70102780 0000 7209 7563

2

# CERTIFICATE OF SERVICE

I certify that the copy of the  VERIFIED COMPLAINT FOR DAMAGES   will

serve upon the defendant listed below in compliance with FRCP Rule 4;


NATIONSTAR MORTGAGE LLC
c/o R/A CORPORATION SERVICE COMPANY
 1201 Hays Street
 Tallahassee, Florida 32301


Dated: Septmeber 10, 2014


                                    __/s/_____

**COMPLAINT FOR DAMAGES**
17